**United States District Court**
**Eastern District of New York**

**MINUTE ORDER**
**Griffin v. City of New York, 10-cv-2592 (RJD)(MDG)**

This order summarizes rulings made on the record at a conference held on April 5, 2012 granting plaintiff's motion to compel [48] responses to document requests and interrogatories, but the scope of some of the requests are limited as follows.

1. With respect to document requests 7 through 12, the Court agrees that some of the personnel records of plaintiff's supervisors are relevant to plaintiff's allegations that these defendants retaliated against him. See <u>Dzanis v. JP Morgan Chase</u>, 2011 WL 5979650, at *4-*5 (S.D.N.Y. 2011); <u>Klump v. Visiting Nursing Ass'n of Western N.Y.</u>, 2007 WL 914022, at *1-*2 (W.D.N.Y. 2007); <u>see also</u> <u>EEOC v. Dillon Companies, Inc.</u>, 2010 WL 3239262, at *1-*2 (D. Colo. 2010); <u>Oglesby v. Hy-vee, Inc.</u>, 2005 WL 857036, at *2 & n.7 (D. Kan. 2005) (collecting cases). Defendants must produce records from the personnel files of defendants Joseph Reznick, Sean Crowley and Michale Miltenberg for the past 10 years pertaining to the officers' performance and conduct toward others, including but not limited to performance evaluations, disciplinary actions, complaints of misconduct or IAB investigations reflected. This is without prejudice to a future application by plaintiff to expand the time period or the categories of documents. Defendants must provide plaintiff with a blank NYPD employment application to enable plaintiff to determine whether to make a request regarding any information that would have been provided in those defendants' applications.

2. With respect to document requests 32, 34, 38, 42 and 77, the Court finds information relating to any investigation of Michael O'Keefe and the plaintiff's involvement with any IAB investigations relevant to plaintiff's claims of retaliation. While plaintiff's claims do not turn on the validity of his charge to IAB, the investigative file clearly may contain information regarding defendants' response to the charge. Since defendants provide no affidavit or other support for their assertion of the law enforcement privilege, they are not entitled to shield any part of the investigative file from disclosure.

3. Defendants' objections to interrogatories 3 and 4 are overruled. The reference to any person who "played a role" in investigating plaintiff's complaints is not vague or ambiguous. However, defendants need not identify any clerical employees who arguably may fall within the scope of the interrogatories.

4. As to document request 53, defendants must produce any

responsive documents within their possession, custody or control involving Anthony Cardinale.

5. Defendants must produce responsive documents by May 3, 2012. Any sensitive personal information, such as bank account numbers, social security numbers and birth dates, may be redacted from documents produced. Documents relating to health monitoring or medical conditions need not be produced. Defendants may move for a protective order as to any other specific responsive documents or categories of documents.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 9, 2012

_____/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE